UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK JAYSON REENERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:15-0625 |
| v. | ) | Judge Trauger/Brown |
| | ) | **Jury Demand** |
| RICKY TROUP, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**O R D E R**

A telephone conference was held with the parties in this matter on September 6, 2016, to discuss pending motions and the scheduling order.

Presently pending is Docket Entry 121, a motion for summary judgment by the Defendants. The Defendants have also filed motions to stay discovery pending a ruling on the dispositive motions (Docket Entry 129).

The Plaintiff has filed a motion for an extension of time (Docket Entry 131) to respond to the motion for summary judgment and also (Docket Entry 134) for discovery in order to respond to the motion for summary judgment.

After discussion with the parties, the Plaintiff's motion for an extension of time (Docket Entry 131) is **GRANTED** and the Plaintiff may have until **September 30, 2016,** to file a response to the motion for summary judgment as to the officers.

During the discussion with the parties it appeared that there was an agreement to provide the Plaintiff some discovery that had been requested prior to the motion to stay. The parties have

apparently agreed that the Defendants will produce this material, although a date for its production was not set. The Magistrate Judge would hope that it could be done promptly. If production of the agreed material is delayed, the Plaintiff is free to request additional time to respond to the motion for summary judgment.

The parties are in agreement that a stay of discovery is appropriate for the individual Defendants who have filed motions to dismiss because of qualified immunity. Therefore, such discovery is **STAYED** as to the individual officers. Plaintiff's counsel believes that a stay as to the City is not appropriate since the City does not have qualified immunity and the Plaintiff believes that there is a remaining theory of liability for the City, even if the officers prevail on their motions for qualified immunity.

Docket Entry 129 is therefore **GRANTED** as to the individual officers and **Denied** as to the City.

The Plaintiff's motion (Docket Entry 134) for discovery in order to respond to the  to the City's portion of the motion for summary judgment (Docket Entry 121) is granted. The scheduling order (Docket Entry 120) sets deadlines for discovery. Plaintiff should respond to the City's, part of the motion for summary Judgement by December 5, 2016.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge